■ In the Matter of the Claim of PATRICK LARKIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Herlihy, P. J., Staley, Jr. and Kane, JJ., concur; Sweeney and Main, JJ., dissent and vote to reverse in a memorandum by Main, J. Main, J. (dissenting). We must respectfully dissent. Claimant, an elevator operator and doorman, had worked for his employer from March 18, 1959 until February 1, 1972, when he was discharged by his superior for "drinking on the job". A summary sheet, accepted by the Referee as argument, but not as evidence, indicated that claimant had been involved in prior difficulties because of his drinking. The claimant, testifying under oath, denied any such previous incidents, while admitting that he did have one drink during working hours on February 1, 1972. He justified this conduct, however, by

testifying that he took the drink at the express invitation of one of his employers. The record shows that thé claimant worked for almost 13 years for this employer and missed only two days of work. While the issue of whether or not an employee provokes his discharge is a factual one and solely within the province of the board, it must be supported by substantial evidence (*Matter of Oxios [Catherwood]*, 33 A D 2d 858). Substantial evidence is clearly defined in *Matter of Paulsen [Catherwood]*, 27 A D 2d 493) and we find no such evidence here. The undisputed evidence that the claimant lost, only two days work in 13 years; that he took one drink at the invitation of one of his employers and the fact that his employers failed to produce a single witness to support their allegations as to his past drinking habits at work, even though requested to do so, obliterates the basis of the board's decision and vividly demonstrates that there is no " Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (*Edison Co.* v. *Labor Bd.*, 305 U. S. 197, 229). The decision should be reversed, and the matter remitted for further proceedings not inconsistent herewith.